UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Grace McElroy

    v.                                Civil No. 19-cv-844-JD
                                       Opinion No. 2020 DNH 020
TRT Holdings, Inc., et al.




O R D E R

Grace McElroy brought this action in state court that arose
from an accident at the Mount Washington Hotel in which she was
hit by a Mount Washington Hotel shuttle van.  The defendants
removed the case to this court.  Defendant TRT Holdings, Inc.
moves to dismiss for lack of personal jurisdiction.  McElroy,
who is represented by counsel, did not file a response.


Standard of Review

To avoid dismissal for lack of personal jurisdiction
pursuant to Federal Rule of Civil Procedure 12(b)(2), the
plaintiff bears the burden of showing that jurisdiction exists.
Cossart v. United Excel Corp., 804 F.3d 13, 18 (1st Cir. 2015).
When no hearing is held on the motion, the court uses the prima
facie standard to determine whether the plaintiff has carried
her burden.  A. Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 58
(1st Cir. 2016).  Under the prima facie standard, the court

accepts the plaintiff's properly supported evidentiary proffers as true and construes them in the light most favorable to the plaintiff. PREP Tours Inc. v. Am. Youth Soccer Org., 913 F.3d 11, 16 (1st Cir. 2019).

Discussion

In support of its motion to dismiss, TRT Holdings asserts that it is a Delaware corporation with a principal place of business in Texas. Omni Hotels Management Corporation, another defendant in this case, is a subsidiary of TRT Holdings. TRT Holdings represents that it does not do business in New Hampshire, does not own or maintain property in New Hampshire, and does not have employees or an agent in New Hampshire. Based on those circumstances, TRT Holdings contends that this court lacks personal jurisdiction over it. As is noted above, McElroy did not file a response.

This court's personal jurisdiction over a nonresident defendant in a diversity case is based on New Hampshire's long-arm statute and must also comply with the requirements of due process. Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005). Because New Hampshire's long-arm statute, RSA 510:4, allows courts to exercise personal jurisdiction over nonresident defendants to the extent allowed by due process, the court need

only consider the due process limits on personal jurisdiction. Phillips Exeter Acad. V. Howard Phillips Fund, 196 F.3d 284, 287 (1st Cir. 1999). Due process under the Fifth and Fourteenth Amendments requires that a defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); accord Plixer Int'l, Inc. v. Scrutinizer GmbH, 905 F.3d 1, 7 (1st Cir. 2018).

Due process may be satisfied by showing general personal jurisdiction or specific personal jurisdiction. Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 35 (1st Cir. 2016). General jurisdiction exists when the defendant has "continuous and systematic contacts with the forum state, but the particular cause of action may be unrelated to those contacts." Bluetarp Fin., Inc. v. Matrix Constr. Co., Inc., 709 F.3d 72, 79 (1st Cir. 2013). "In order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." Bristol-Myers Squibb Co. v. Superior Court of Calif., 137 S. Ct. 1773, 1781 (2017) (internal quotation marks omitted).

In this case, McElroy's lack of response to the motion to

dismiss preordains the result.  She bears the burden of showing that TRT Holdings has had sufficient minimum contacts with New Hampshire to support personal jurisdiction.  She has not done so.  Therefore, in the absence of personal jurisdiction, TRT Holdings must be dismissed from the case.


## Conclusion

For the foregoing reasons, TRT Holdings's motion to dismiss for lack of personal jurisdiction (document no. 10) is granted.

TRT Holdings is dismissed from the case for lack of personal jurisdiction.

SO ORDERED.


Joseph A. DiClerico, Jr.
United States District Judge

February 13, 2020

cc:  Counsel of Record.