UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Grace McElroy

    v.                                    Civil No. 19-cv-844-JD
                                         Opinion No. 2020 DNH 201
Omni Mount Washington, LLC, et al.



O R D E R

Grace McElroy brought suit after she was injured by a
shuttle bus at the Mount Washington Hotel.  She alleges a claim
of negligence against the driver of the bus and a claim of
vicarious liability against Omni Mount Washington, LLC and Omni
Hotels Management Corporation.  The defendants have filed a
motion to compel McElroy to undergo an orthopedic examination by
Dr. Kasparyan and a neurological and/or psychological
examination by Dr. Drukteinis.[1]  McElroy has agreed to the
examination with Dr. Drukteinis but objects to the examination
by Dr. Kasparyan.

---

[1] The defendants requested a hearing in their reply.
Generally, the court decides motions without oral argument.  LR
7.1(d).  The court may allow oral argument, however, based on a
written statement by a party "outlining the reasons why oral
argument may provide assistance to the court."  Id.  Because the
defendants did not include the required statement, their request
for oral argument is denied.

Standard of Review

A court may order a party whose physical or mental condition is in controversy "to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1).  The court's order must be in response to a "motion for good cause" and after notice to the parties and to the person to be examined.  Fed. R. Civ. P. 35(a)(2)(A).  The order must specify "the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."  Fed. R. Civ. P. 35(a)(2)(B).

Rule 35(a) requires a two-part inquiry.  King v. Deming, 2020 WL 4369702, at *1 (D. Mass. July 30, 2020) (citing Schlagenhauf v. Holder, 379 U.S. 104, 111 (1964)).  The moving party bears the burden of showing both that the physical condition to be examined is actually in controversy and that good cause exists to order the requested examination. Schlagenhauf, 379 U.S. at 118.  Those showings "are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination."  Id.

"A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury

2

clearly in controversy and provides the defendant with good
cause for an examination to determine the existence and extent
of such asserted injury." Id. at 119.  However, "what may be
good cause for one type of examination may not be so for
another.  The ability of the movant to obtain the desired
information by other means is also relevant."  Id.

## Background

McElroy alleges that while she was jogging on a road within
the grounds of the Mount Washington Hotel she was hit from
behind by a hotel shuttle bus.  She alleges that as a result of
the accident, she sustained "a concussion and a head/scalp
laceration, a left rib fracture and contusion to her lung, along
with emotional trauma and other injuries, both past and future."
Doc. no. 1-2, ¶ 11.  McElroy provided a supplemental
interrogatory response on July 1, 2020, that listed the
following injuries:  traumatic brain injury with concussion,
head laceration, displaced fracture of the 6th rib, lumbosacral
sprain and strain, cervicalgia with left cervical radiculitis,
post traumatic headaches, spasms and limited range of motion.

During her deposition, McElroy testified that she cannot
live her life as she did before the accident because of pain,
among other things.  In particular, McElroy testified that she

3

used to train with her twin sister.  Since her accident, McElroy
stated that her pace and endurance in running have decreased.


## Discussion

     The defendants argue that they are entitled to an
orthopedic examination by Dr. Kasparyan because McElroy has put
her physical condition in controversy by alleging physical
injuries due to negligence.  The defendants contend that the
examination will address McElroy's claims of continuing harm and
disability and any lingering effects of her injuries.  In
response, McElroy represents that her physical injuries have
healed, that the only ongoing residual effects are from her
traumatic brain injury, that the nature of her physical injuries
sustained at the time of the accident can be ascertained from
existing medical records of her treatment, and that she should
not be compelled to undergo two medical examinations.  She also
objects to having to travel from her home in New York to
northern Massachusetts for an in-person examination with Dr.
Kasparyan during the COVID-19 pandemic.


## A.   In Controversy

     While the defendants assert, based on McElroy's complaint
and discovery responses, that McElroy is claiming ongoing
effects from various injuries, she now represents that she is

4

only claiming ongoing effects from traumatic brain injury.  As
such, McElroy has limited her claim of physical injury to the
injuries she suffered at the time of the accident, which have
now healed without ongoing effects, except that she claims
ongoing effects from the alleged traumatic brain injury.  In
making that choice for purposes of the present motion, McElroy
so limits her claims for all purposes in this case.

The defendants have not shown that the nature or extent of
McElroy's physical injuries at the time of the accident are in
controversy.  Instead, the defendants focus on McElroy's claims
of ongoing effects and disability.  As is noted above, McElroy
has limited her claim for physical injuries, and, as a result,
only the ongoing effects due to traumatic brain injury are in
controversy.

B.   Good Cause

To support their motion to compel an orthopedic examination
by Dr. Kasparyan, the defendants also must show good cause for
the examination.  The defendants do not appear to seek an
orthopedic examination to address the injuries McElroy suffered
at the time of the accident.  They have not argued or shown that
McElroy's treatment records are unsatisfactory or insufficient
for purposes of assessing the nature of the injuries McElroy
sustained at the time of the accident.

With respect to the only ongoing condition that McElroy claims, the effects of an alleged traumatic brain injury, the defendants must show good cause for Dr. Kasparyan's examination to address that injury.  See Davis v. Zurich Am. Ins. Co., 2020 WL 6044041, at *2 (N.D. Cal. Oct. 13, 2020).  Importantly, the examiner must be "suitably licensed and certified." Fed. R. Civ. P. 35(a)(1).  The defendants, however, have not shown that traumatic brain injury, and its ongoing effects, is a medical condition that is within Dr. Kasparyan's expertise.[2]

McElroy will undergo a mental examination by the defendants' independent medical examiner, Dr. Drukteinis.[3] McElroy contends that a second examination by Dr. Kasparyan is unnecessary.  The defendants have not shown good cause to also require an orthopedic examination for the ongoing effects of a traumatic brain injury.

---

[2] The curriculum vitae that the defendants provided for Dr. Kasparyan shows that he is chair of "Division of Orthopedic Surgery" at Lahey Hospital and Medical Center in Burlington, Massachusetts.  His specialties are hand and arm surgery.  There is no mention of a specialty, license, certification, or experience in neurology or traumatic brain injury.

[3] Dr. Drukteinis's curriculum vitae states that his professional work is "[c]omprehensive psychiatric and neuropsychiatric evaluations, and psychiatric treatment; medical-legal consultation; independent psychiatric assessment and expert testimony."

C.   Burden

McElroy also objects to the examination with Dr. Kasparyan
because it is an in-person examination to be conducted in
Woburn, Massachusetts.  McElroy is concerned about an in-person
examination in light of the ongoing COVID-19 pandemic.  She also
objects because the office is a three-hour drive from her home
in New York.

McElroy's objections raise a question as to whether the
requested examination by Dr. Kasparyan imposes an unnecessary
burden on her.  A party may obtain discovery on any
nonprivileged matter that is relevant and "proportional to the
needs of the case."  Fed. R. Civ. P. 26(b)(1).  Whether a
discovery request is proportional to the needs of the case is
determined by "considering the importance of the issues at stake
in the action, the amount in controversy, the parties' relative
access to relevant information, the parties' resources, the
importance of the discovery in resolving the issues, and whether
the burden or expense of the proposed discovery outweighs its
likely benefit."  Id.

As is explained above, the defendants have not shown good
cause for an orthopedic examination by Dr. Kasparyan because
McElroy is claiming ongoing effects only from an alleged
traumatic brain injury.  Dr. Kasparyan does not appear to have
expertise in the area of the effects of traumatic brain injury.

7

In addition, McElroy raises issues associated with an in-person medical examination while cases of COVID-19 are on the increase in Massachusetts and objects to the burden of a six-hour round trip for the examination.  Therefore, as currently presented, the defendants' request for an orthopedic examination by Dr. Kasparyan is not proportional to their needs in the case.

Conclusion

For the foregoing reasons, the defendants' motion to compel examinations of the plaintiff (document no. 21) is denied.

The plaintiff has limited her claim of injury to the injuries she incurred at the time of the accident, which have now healed without any claimed ongoing effects, with the exception of ongoing effects of her alleged traumatic brain injury.  Any other claims of on-going effects of her injuries, such as disability, limited range of motion, and/or other conditions including those alleged in the complaint and disclosed in discovery, are waived.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

November 19, 2020

cc:  Counsel of record.